IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

INTERNATIONAL ASSOCIATION OF
SHEET METAL, AIR, RAIL AND
TRANSPORTATION WORKERS,
TRANSPORTATION DIVISION
24950 Country Club Boulevard, Ste. 340
North Olmsted, Ohio 44070

    Petitioner,

v.

CANADIAN NATIONAL RAILWAY
COMPANY D/B/A ILLINOIS CENTRAL
RAILROAD
17641 Ashland Ave.,
Homewood, IL 60430

    Respondent.

Case No.  1:19-cv-1373

**PETITION TO ENFORCE PUBLIC LAW BOARD
AWARD UNDER THE RAILWAY LABOR ACT**

**INTRODUCTION**

1. This is a petition to enforce Award No. 141, issued on April 23, 2019, by the Public Law Board No. 7559 ("PLB" or "the Board") in Case No. 141 ("the Award") under Section 3 First (p) and Second of the Railway Labor Act ("RLA"), 45 U.S.C. § 153 First(p) and Second. The Award is the result of a claim handled by the International Association of Sheet Metal, Air, Rail and Transportation Workers, Transportation Division ("SMART-TD"), on behalf of Conan Castellucci ("Castellucci"), after he was dismissed from service by Canadian National Railway Company d/b/a Illinois Central Railroad Company ("CN/IC" or "the Carrier"). A true and correct copy of the Award is enclosed herewith as Exhibit ("Ex.") A.

## JURISDICTION AND VENUE

2. Section 3 First(p) and Second of the RLA, 45 U.S.C. § 153 First(p) and Second, empower federal district courts to make such orders or to enter other judgments as may be appropriate to enforce awards and orders of the PLB. The Court also has jurisdiction under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1337 (Act regulating commerce), and 28 U.S.C. § 1651 ("All Writs" Act).

3. Venue properly resides in this Court under the provisions of 45 U.S.C. § 153 First(p) and Second, which permit a Petitioner, such as SMART-TD, or any person for whose benefit an order of the Board is made, such as Castellucci, to seek compliance with an Award in a district court in which the petitioner resides or through which the carrier operates.

## PARTIES

4. SMART-TD, formerly United Transportation Union, is the duly authorized representative for the purposes of the RLA of the crafts or classes of train service employees employed by CN/IC, and is a "representative" as defined by Section 1 Sixth of the RLA, 45 U.S.C. § 151 Sixth. SMART-TD and CN/IC are parties to various agreements covering those employees, and the claim sustained by the Board arose under one of those collectively-bargained agreements. SMART-TD is located at 24950 Country Club Boulevard, Ste. 340, North Olmsted, Ohio 44070. At all relevant times, Castellucci was an employee of and a trainman on CN/IC, residing in Drummonds, Tennessee, and a member of SMART-TD.

5. CN/IC is a corporation engaged in the interstate transportation of goods by rail, and is a "carrier" as defined by Section 1 First of the RLA, 45 U.S.C. § 151 First. CN/IC has its principal operating office in the United States at 17641 Ashland Ave., Homewood, IL 60430.

**CLAIM FOR RELIEF**

6. The facts surrounding the Petitioners' claim before PLB No. 7559 are covered in detail in the Award (Ex. A).

7. In sum, a dispute arose between the parties while Castellucci was working as a Trainmen, which resulted in him being removed from service and dismissed from employment. (*Id.* at 1-2).

8. A claim was filed on Castellucci's behalf seeking, *inter alia*, "reinstatement to the service with all seniority and contractual rights unimpaired with pay for all time lost." (*Id.* at 2). SMART-TD processed said claim that was the subject of the Award, in the usual manner prescribed by the applicable collective-bargaining agreement.

9. Upon failure of the parties to reach an agreement, the dispute was referred to the PLB, as provided in Section 3 Second of the RLA, 45 U.S.C. § 153 Second.

10. On April 23, 2019, the Board issued its decision in Case No. 141 (Ex. A), and ordered that he "be returned to service with seniority intact, all benefits unimpaired and made whole for loss of all monies since being held out of service until reinstated in accordance with the Agreement." (*Id.*).

11. Despite the clear mandate of the Award, CN/IC refuses to reinstate Castellucci as a Trainman and pay him his lost wages in accordance with the Award.

12. SMART-TD has requested and demanded that CN/IC so comply with the Award to no avail.

13. Section 3 First(p) and Second of the RLA, 45 U.S.C. § 153(p) and Second, provide that the findings and order of the Board are conclusive on the parties and are enforceable in this Court when the carrier fails to comply with an award.

**WHEREFORE**, Petitioner SMART-TD respectfully requests that this Court grant the following relief:

A. Issue an order requiring that CN/IC, its officers, agents, and employees comply with Award No. 141 issued by PLB No. 7559 in Case No. 141 on April 23, 2019;

B. Make Castellucci whole by requiring CN/IC to reinstate him to service as a Trainman, and pay him his lost wages and benefits consistent with the Award;

C. Award attorneys' fees and costs to SMART-TD in accordance with 45 U.S.C. § 153 First(p) and Second; and

D. Grant Petitioners such other and further relief which this Court deems to be just and proper.

Respectfully submitted,

/s/ Erika A. Diehl-Gibbons
Erika A. Diehl-Gibbons
Associate General Counsel
Kevin C. Brodar
General Counsel
SMART – Transportation Division
24950 Country Club Boulevard, Ste. 340
North Olmsted, Ohio 44070
Tel: (216) 228-9400
Fax: (216) 228-0937
ediehl@smart-union.org
kbrodar@smart-union.org

Attorneys for Petitioner SMART-TD

4