NATIONAL MEDIATION BOARD
PUBLIC LAW BOARD NO. 7559
AWARD NO. 141, (Case No. 141)

**SMART - TRANSPORTATION DIVISION**

vs

**CN ILLINOIS CENTRAL RAILROAD**

William R. Miller, Chairman & Neutral Member
John K. Ingoldsby, Carrier Member
Adren Crawford, Employee Member

**STATEMENT OF CLAIM:**

**"Claim of Conductor Conan Castellucci (Pin 141676) for reinstatement to the service with all seniority and contractual rights unimpaired with pay for all time lost, pay for attending the hearing, reimbursement for out of pocket expenses such as, but not limited to, health care, credits toward vacation, Railroad Retirement and productivity fund, if applicable, and his record expunged for alleged violation of USOR – Rule 100 – Rules, Regulations, and Instructions, USOR – General Rule B – Reporting and Complying with Instructions, USOR – General Rule Y – Efficiency Testing, PMRC User Guide/Efficiency Testing Guidelines, and Company Code of Business Conduct." (IC-UTU-2018-00008)**

**FINDINGS:**

Public Law Board No. 7559, upon the whole record and all the evidence, finds and holds that Employee and Carrier are employee and carrier within all the meaning of the Railway Labor Act, as amended; and that the Board has jurisdiction over the dispute herein and that the parties to the dispute have participated in accordance to the Agreement that established the Board

The facts indicate that Claimant was hired by the Carrier in 2003 and held a variety of positions including Laborer, Carman, Conductor, Yardmaster, Trainmaster and Assistant Superintendent. The last assignment held by the Claimant was that of Assistant Superintendent, based out of Fulton, Kentucky. During the period October 23, 2017 through October 31, 2017, it was alleged that Claimant had engaged in a pattern of failing to properly conduct, validate, and/or report Safety Engagement Tests and/or making false and/or dishonest statements and reports regarding those tests. The Carrier asserted that Claimant was guilty of the aforementioned allegations and as an "at-will" employee was subject to dismissal. On November 6th, Claimant resigned from his position as Assistant Superintendent and reverted to his position as a Trainman where he had retained seniority.

**EXHIBIT A**

On November 7, 2017, Claimant was directed to attend a formal Investigation on November 14, 2017, concerning in pertinent part the following charge:

> **"…to determine your responsibility, if any, and whether you violated any Company rules, regulations, policies and/or instructions in connection with you allegedly failing to properly conduct, validate and/or report Safety Engagement tests and/or with you allegedly making false and/or dishonest statements and/or reports regarding such tests from October 23, 2017 through October 31, 2017 while you were working as Assistant Superintendent based out of Fulton, KY."**

On November 22, 2017, Claimant was notified that he had been found guilty as charged and was dismissed effective immediately.

It is the position of the Organization that there was no justification for the calling of a formal Investigation for Claimant's alleged misdeeds while holding an "at-will" position of Assistant Superintendent. It argued the Carrier had a right to discipline Claimant while Claimant was holding a managerial position in whatever manner it deemed was appropriate without the Organization's involvement provided it met all legal requirements. It asserted the record shows that the Carrier required the Claimant to give up his position as Assistant Superintendent and exercise his seniority back to the craft. The Organization reasoned that was the discipline exercised by the Carrier for Claimant's alleged mistakes. Simply put the discipline of Claimant was a demotion, not dismissal. It closed by arguing that the first question that needs to be addressed is whether or not the Carrier was within its rights to call for a formal Investigation and if answered in the negative, then the discipline should be removed without addressing the merits.

The Organization next argued that despite the fact that the Carrier had no reason, in this instance, to call for a formal Investigation it was apparent that Claimant was denied a "fair and impartial" Investigation for multiple reasons that included pre-judgment that was evident by the fact Claimant was withheld from service prior to the Hearing and the Notice of Investigation was for the same alleged infractions that Claimant had already been disciplined for with forfeiture of his position as Assistant Superintendent. Therefore, the Organization reasoned that the dismissal of the Claimant as a Trainman was redundant, double jeopardy and constituted "two bites of the apple". It next argued that the instant case was not progressed by the Carrier within the required time limits of Article 29 of the Agreement. The Organization asked that because of the aforementioned errors the discipline should be removed without reviewing the merits.

Turning to the merits the Organization argued that the record show that the Claimant was disciplined as Trainman for alleged transgressions while holding a managerial position for which

he had already been disciplined when required to forfeit that position. It argued that the record shows that when Claimant was removed from his management position for "cause" he notified his immediate superior he would exercise his seniority as a Conductor. His superior took no exception to the Claimant returning as a Conductor, but requested that Claimant give a previously scheduled deposition on behalf of the Carrier. After providing the deposition the Claimant was not permitted to mark up as a Conductor because he was withheld from service prior to his Hearing. The Organization emphasized that even though the Carrier had dismissed Claimant from his Officer position it still required him to perform duties in its behalf while leaving the impression with the Claimant that he would be allowed to exercise his seniority as a Conductor.

In summary, the Organization argued that Claimant was assessed discipline a second time as a Conductor for the same alleged Rule violations that he had previously been assessed discipline as a Manager under the management's Coaching Action Plan (CAP) when required to forfeit that position, therefore, it concluded Claimant had already been disciplined and this second bite of the apple was untimely and unwarranted and even if there was any merit to the Carrier's arguments (which there wasn't) the discipline was excessive and harsh. It requested that the discipline be rescinded and the claim be sustained as presented.

It is the Carrier's position there were no procedural errors and that it was required by arbitral authority to hold a formal Investigation of Claimant for his conduct while assigned the position of Assistant Superintendent in accordance with the parties Agreement. It argued there was no showing of pre-determination as an employee may be withheld from service pending Investigation when keeping an employee in service may be detrimental to the employee or others and it further asserted an employee withheld from service pending Investigation who is determined to bear no responsibility in an incident will be made whole for time lost, therefore, it reasoned there was no violation of the Agreement. It next argued that the Investigation was held in a timely manner as the Agreement provides that Investigations will normally be scheduled within ten days of the Carrier having sufficient knowledge of the incident giving rise to the Investigation and the time limits for proceeding with an Investigation were only triggered when Claimant surrendered his managerial position, thus the Hearing was held in a timely manner. It further argued that contrary to the Organization's contention fairness was extended to the Claimant by the fact that rather than simply dismiss Claimant as an "at-will" employee, the Carrier afforded Claimant the opportunity for a Hearing and a chance to refute the charges against him. It concluded there was no showing that Claimant suffered any detriment due to the conduct of the Investigation and it requested that the case be resolved on the merits of the dispute.

P.L.B. No. 7559<br>
Award No. 141, Case No. 141<br>
Page 4

Turning to the record, the Carrier asserted the evidence shows that charges were proven that Claimant engaged in a pattern of fraud and dishonesty when Claimant entered false information regarding the observations and testing of employees.  It argued the record further shows that Claimant was afforded multiple coaching sessions after being advised that his performance was not up to standards and that he needed improvement.  It asserted that Claimant's work performance did not improve and instead Claimant attempted to use fraudulent behavior to make it appear to his superiors that his work performance had improved.  It further argued that even when Claimant was confronted with evidence of wrong-doing, Claimant offered self-serving testimony that he did nothing wrong demonstrating a lack of integrity.  It concluded that dismissal was appropriate because of the seriousness of the offense and it closed by asking that the discipline not be disturbed and the claim remain denied.

The Board is in agreement with the parties that before the merits can be considered the question of whether or not the Carrier was required to hold a formal Investigation for Claimant's alleged inappropriate behavior while holding an "at-will" position of Assistant Superintendent needs to be addressed and if the holding of that Investigation and the subsequent discipline was a secondary discipline for actions that Claimant had already been disciplined for.  The Organization argued the Carrier was free to exercise its managerial authority, in accordance with the law, in whatever manner it deemed proper while Claimant was holding an Officer position without the Organization's involvement whereas the Carrier argued that it was required to allow the Claimant to return to his craft and Carrier was then obligated to call for a formal Investigation and prove its charges.  The Carrier reluctantly relied upon an on-property Award with the BLET, First Division Award 28082 which the Carrier believed to be in error when issued.

Examination of Award 28082 reveals that it determined that an employee dismissed from a managerial position who was not afforded a formal Investigation concerning alleged misdeeds as a Carrier Officer retained a right to a formal Investigation and Carrier's failure to provide such was grounds for setting aside the discipline.  The Award determined that evidence presented on the property showed that in a prior dispute, involving the same parties, the Carrier held a formal Investigation for an Engineer that had allegedly harassed a fellow employee while employed in a managerial position (See First Division Award 26064).  Award 28082 determined that precedence had been established, based upon one prior incident that was not disputed, therefore, it reasoned that the Engineer in the latter case should have been afforded the same right to an Investigation as was done in the earlier case.  The Award is limited in its scope to one craft and one Carrier based upon a limited past practice.

This Board is in agreement with Award 28082 when it stated in pertinent part the following:

> **"The Board is aware that both parties are able to cite arbitral precedents in support of their respective positions. Neither party, though, has cited an Award under their Agreement in which the question presented in the instant case was at issue. The Awards cited, therefore, merely have persuasive value and the Board is not obligated to follow any particular decision…."**

Aside from not being persuaded by the aforementioned Award there are distinct differences in the case at bar. One, different Collective Bargaining Agreements, two, the Organization (SMART) has taken a polar opposite position from that of the BLET regarding the necessity of a formal Investigation for an employee removed from service as a Carrier Officer. It argued that an "at-will" employee promoted from its craft was subject to dismissal while holding a managerial position with no requirement that the employee be granted a formal Investigation under its Agreement. It further asserted there was no precedence on-the-property within its craft for doing such.

"At-will" employment is a term used in U.S. labor law for contractual relationships between employers and employees. It is generally defined as meaning that an employee can be dismissed by an employer for almost any reason, and with little or no warning, as long as the reason is not illegal. The employee is similarly entitled to leave his or her position without reason or warning. There could be some exceptions that might be covered by company policies or individual employment contracts.

The Claimant was promoted from the craft to an "at-will" management position and while assigned to that position Claimant was subject to the same fair treatment as any other "at-will" employee whether that person was from a craft or had been hired directly off the street. Claimant's retention of seniority allowed him the right to return to his craft if he decided that he no longer wanted to hold an "at-will" position or he was demoted. As stated above there are exceptions to the dismissal of "at-will" employees, however, there is nothing in the parties Agreement that requires the Carrier to automatically allow an employee to return to his/her craft for what it believes to be dismissible behavior, while holding a management position, nor is there an additional requirement that the Carrier must call a formal Investigation to prove its charges of managerial misbehavior (the Board notes that this determination is limited to the instant Agreement). Claimant was subject to same Policies and Rules that governed "at-will" employees who did not retain craft seniority, therefore, when he was removed from his position as Assistant Superintendent and allowed to return to his craft he was effectively disciplined with a demotion. The Organization correctly argued that it had a responsibility to represent the Claimant for any

alleged inappropriate behavior while Claimant was working in the craft whereas the allegations made against the Claimant, in this instance, were for actions while Claimant held a non-craft position and should not have been the subject of a formal Investigation. The Board is in agreement with the Organization that Claimant's retention of seniority was a "safety net" that guaranteed him a right to return to his craft for multiple reasons, but it did not require the Carrier to hold a formal Investigation for Claimant's alleged misdeeds while holding a managerial position. Therefore, it is determined that Carrier first disciplined the Claimant when it demoted him from the position of Assistant Superintendent and advised him to return to his craft after which Carrier improperly disciplined Claimant a second time with termination for the same alleged offenses.

The Board having determined that the Claimant was twice disciplined for the same offense will not review the merits of the dispute nor will it make any determination of whether or not the allegations against the Claimant had merit. The Board finds and holds that the Claimant will be returned to service with seniority intact, all benefits unimpaired and made whole for loss of all monies since being held out of service until reinstated in accordance with the Agreement. The Board also takes the liberty to suggest to the Claimant that upon return to service that he be careful to adhere to all Carrier Rules and Policies.

### AWARD

Claim sustained in accordance with the Findings and the Carrier is directed to make the Award effective on or before 30 days following the date the Award was signed by the parties.

_William R. Miller_

William R. Miller, Chairman & Neutral Member

| | |
|---|---|
| _____ | _Adren Crawford_ |
| John K. Ingoldsby, Carrier Member | Adren Crawford, Employee Member |

Award Date: April 23, 2019